UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ANTHONY KYLES,**<br><br>　　　　Plaintiff,<br><br>vs.<br><br><br>**COUNTY OF OAKLAND, *et al.*,**<br><br>　　　　Defendants. | 2:22-CV-12973-TGB-APP<br><br><br>**ORDER DENYING MOTION FOR ALTERNATIVE SERVICE**<br><br>**(ECF NO. 23)** |

After the Oakland County Circuit Court vacated Anthony Kyles' 1997 convictions for second-degree murder as wrongfully obtained, he brought suit against Oakland County, the City of Pontiac, and several individuals involved in his prosecution, including Keith Hollimon, raising claims for violations of his constitutional rights and state law. His complaint was filed on December 8, 2022, and summonses issued on the same day.

Kyles was able to effect service on most of the defendants he named without issue. But he has filed a motion seeking leave to serve Hollimon through alternative means, and he also asks for a 60-day extension to complete service.[1] (ECF No. 23.) For the reasons explained below, his

---

[1] Kyles's motion also seeks leave to serve Defendant Stanley Christ through alternative means. But the docket reflects that, since filing his motion, Kyles has been able to effect service of process on Christ (ECF No. 24), so this request is now moot.

1

request for alternative service will be **DENIED without prejudice**, but the extension will be **GRANTED.**

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(e)(1), an individual defendant may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." In Michigan, an individual may be served by:

> (1) delivering a summons and copy of the complaint to the defendant personally; or
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee.

Mich. Ct. R. 2.105(A).

If a plaintiff shows that service of process cannot reasonably be accomplished by these methods, the Court may in its discretion permit service of process by "any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(J)(1).

Alternative service "is not an automatic right." *Interstate Asphalt Holdings LLC v. Spry*, No. 20-cv-12755, 2020 WL 7338566, at *2 (E.D. Mich. Dec. 14, 2020) (quoting *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981)) (Leitman, J.). To obtain leave to serve a defendant through alternative means, a plaintiff must show: (1) service cannot be made by

2

the prescribed means, and (2) that the proposed alternate method is likely to give actual notice. *United States v. Szaflarski*, No. 11-10275, 2011 WL 2669478, at *1 (E.D. Mich. July 7, 2011); (Lawson, J.); *Krueger*, 300 N.W.2d at 916.

## II. DISCUSSION

### A. Request for Alternative Service

Kyles asks for leave to serve Hollimon by tacking copies of the summons and the complaint on the front door of a residential address in Pontiac, Michigan and mailing additional copies of both to the same address via first-class mail. (ECF No. 23, PageID.755.)

In support of this request, Kyles asserts that he believes Hollimon resides at the Pontiac address. (*Id.* at PageID.752.) He says that he retained the services of a private investigator to help ascertain Hollimon's whereabouts, and that the investigator concluded the Pontiac address is Hollimon's last known address. (*Id.* at PageID.753.) He has also provided a letter, indicating that the Postmaster in that zip code has registered no change of address for Hollimon as of January 31, 2023. (Verification, ECF No. 23-4, PageID.763-64.)

Kyles has additionally submitted an affidavit from a process server, who attests that she attempted service on Hollimon once around 3:02 p.m. on a Tuesday at the Pontiac address but was unsuccessful. (Koltay Aff., ECF No. 23-2, PageID.760.) According to the affidavit, the server left a note with her contact information posted on a door at the address.

3

About three hours later, she received a phone call from a woman, who told her that Hollimon did not live at the address, she does not know him, and she has no forwarding information for him. (*Id.*)

But Kyles has failed to show that Hollimon cannot reasonably be served by normal means of service. His process server attempted to serve Hollimon only once. *See Blalock v. Hunterdon Rentals, LLC*, No. 2:20-cv-12832, 2020 WL 11269897, at *2 (E.D. Mich. Dec. 22, 2020) (Murphy, J.) (denying motion for alternative service when plaintiff made only one attempt at personal service); *cf. Reyes-Trujillo v. Four Star Greenhouse, Inc.*, No. 20-11692, 2021 WL 534488, at *5 (E.D. Mich. Feb. 12, 2021) (Levy, J.) (allowing alternative service where plaintiffs indicated they made "several unsuccessful attempts" to serve defendant at "multiple addresses via certified mail and then personally through a retained process server"); *Moseley v. Regency Transp., LLC*, 525 F. Supp. 3d 823, 825-26 (E.D. Mich. Mar. 15, 2021) (Michelson, J.) (same where service was attempted "on five separate dates" and "[n]othing in the record indicate[d] that the address [was] mistaken").

Moreover, Kyles has not established that his proposed method of service is reasonably calculated to afford Hollimon notice of the case against him. To be sure, courts have sometimes approved of tacking a copy of the summons and complaint to the door of a residence and accompanying it with a mailing as an adequate method of service. *See, e.g. Reyes-Trujillo*, 2021 WL 534488, at *4 (collecting cases). But Kyles

4

proposes to do to so at an address where his process server was told that Hollimon does not live.

The Michigan Supreme Court has held that "[a] truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Krueger*, 300 N.W.2d at 919. The only evidence in the record that Hollimon resides at the Pontiac address is the Postmaster's letter that no change of address has been registered for him. There are any of number of reasonable explanations why an individual may fail to register a change of address with the United States Postal Service. And there is no direct sworn testimony explaining what other steps have been taken to verify Hollimon's residence. Kyles has not submitted an affidavit from his investigator. And the affidavit from his process server does not inexorably lead to a conclusion that Hollimon is evading service. There are no facts suggesting that the woman who called the process server to tell her that Hollimon did not live there was not telling the truth. Nor are there any facts ruling out the possibility that Hollimon has recently moved or suggesting that he has been observed at the address.

In short, the Court does not have enough information to conclude that a diligent search for Hollimon has been performed or that the proposed method of service would give him actual notice that he is being sued. It may well be that Hollimon still lives at the Pontiac address but,

5

based on the present record, there is little evidence to support the conclusion that he does.

### B. Request for Extension of Time to Serve Hollimon

Kyles also requests additional time to serve Hollimon. (ECF No. 23, PageID.755.) Under Federal Rule of Civil Procedure 4(m), the Court may extend the time to complete service "for an appropriate period."

This is Kyles's first request for an extension to complete service. The 90-day period for service prescribed by Rule 4(m) has not yet expired. Though Kyles's search for Hollimon to date may leave several avenues unexhausted, his attempts to serve Hollimon to date suggest colorable efforts to locate an individual whose whereabouts may be unknown. Accordingly, the Court concludes the request for an extension is reasonable and will extend the deadline to complete service on Hollimon by 60 days, until May 8, 2023.

### III. CONCLUSION

For the reasons explained above, the request to serve Hollimon through alternative means is **DENIED without prejudice**. But the request for a 60-day extension of time to complete service is **GRANTED**.

**IT IS SO ORDERED** this 1st day of March, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

6